

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom C. King
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:

Opinion No. O-1537
Re: Is an affiliated high
school limited to an
eight months term under
Section 13, House Bill
933, Acts 46th Legisla-
ture?

We received your letter of November 29th, 1939,
in which you request our opinion on the following ques-
tion:

"In the case of an affiliated high school
with sufficient State and County available funds
to pay its teachers' salaries for eight months,
is such school precluded from receiving salary
aid under this section?"

Section 13, House Bill 933, Acts 46th Legisla-
ture, usually referred to as the Rural Aid Bill, reads
in part as follows:

"The trustees of the schools authorized to
apply for Aid under the provisions of this Act
shall send to the State Superintendent of Public
Instruction on forms provided by said authority
a list of the teachers employed in the schools
showing the monthly salary, experience, and
training of each, together with an itemized state-
ment of budgeted receipts and expenditures, the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

length of term and such other information as
may be required, and the State Superintendent
under the direction of the Joint Legislative
Advisory Committee may, subject to the provi-
sions of this Act, grant to the school such an
amount of this fund as will, with the State and
County available funds, together with the local
funds, maintain the school for a term not to ex-
ceed nine (9) months for classified or affiliated
high schools and approximately eight (8) months
for unaccredited high schools; provided that if
the school has sufficient State and County avail-
able funds to maintain the school for an eight
(8) month term according to the salary schedule
adopted by the State Board of Education for the
school year 1938-1939 or with its local mainten-
ance tax, to maintain the desired length of term,
not to exceed nine (9) months, as provided in
Section 8, it shall not be eligible to receive
aid; . . ."

Ordinarily, a proviso is limited to the clause
which next precedes it and to which it is attached. 39 T. J.
193. A statutory grant will be construed in such a manner
as to effectuate the legislative intent and to render the
grant operative. As a rule, a grant that is made for public
advantages or purposes will be construed liberally. 39 TJ
279.

The construction we place on the proviso "provided
that if the school has sufficient State and County available
funds to maintain these schools for an eight (8) months
term," is that this proviso refers to unaccredited or un-
affiliated high schools. To take the position that the pro-
viso refers to affiliated high schools would render meaning-
less the words "maintain the school for a term not to ex-
ceed nine (9) months for classified or affiliated high schools."
This latter view would create a conflict in the Article, and
clearly was not the intent of the Legislature; therefore, your
question is answered in the negative.

Trusting that this will answer your inquiry satis-
factorily, we are

APPROVED: DEC. 15, 1939
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
By B. W. B. , Chairman

Yours very trul

ATTORNEY GENERAL OF TEXAS

By (Signed) Hirschie Johnson
Hirschie Johnson
Assistant